Vaccaro v Francolopez (2022 NY Slip Op 03024)

Vaccaro v Francolopez

2022 NY Slip Op 03024

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-14459
 (Index No. 57032/18)

[*1]Anthony Vaccaro, respondent, 
v
Omarlin Francolopez, et al., appellants, et al., defendant.

Morris Duffy Alonso & Faley, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher Soverow], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Omarlin Francolopez, Ryder Truck Rental, Inc., and D. Bertoline & Sons, Inc., appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 25, 2019. The order denied those defendants' motion for leave to reargue their prior motion, inter alia, to vacate the note of issue, which had been denied in an order of the same court dated September 23, 2019.
ORDERED that the appeal is dismissed, with costs.
In this action to recover damages for personal injuries allegedly sustained in an automobile accident, the defendants Omarlin Francolopez, Ryder Truck Rental, Inc., and D. Bertoline & Sons, Inc. (hereinafter collectively the defendants), appeal from an order which denied their motion for leave to reargue their prior motion, inter alia, to vacate the note of issue, which had been denied by the Supreme Court in an order dated September 23, 2019.
Contrary to the defendants' contention, the order dated November 25, 2019, did not, in effect, grant reargument and adhere to the prior determination. Rather, the order, in fact, denied reargument (see CPLR 2221[d]). Accordingly, the appeal must be dismissed, as no appeal lies from an order denying reargument (see Saks v Saks, 199 AD3d 950, 950).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court